**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **ANGEL ADOLFO SANCHEZ TIRADO,**<br><br>**Petitioner,**<br><br>**v.**<br><br>**WARDEN OF DELANEY HALL DETENTION FACILITY,**<br><br>**Respondent.** | **Civil Action No. 26-12121 (SDW)**<br><br>**OPINION** |

**IT APPEARING THAT:**

1. Presently before this Court is the petition for writ of habeas corpus under 28 U.S.C. § 2241 ("Petition") by *pro se* Petitioner Angel Adolfo Sanchez Tirado, who is presently detained by U.S. Immigration and Customs Enforcement ("ICE") in Delaney Hall Detention Facility, New Jersey. (ECF No. 1).

2. Petitioner is a citizen of Ecuador. (ECF No. 7-2 at 1). He entered the United States near Santa Teresa, New Mexico, on or about June 21, 2023. (*Id.*). On June 27, 2023, U.S. Customs and Border Protection ("CBP") agents encountered Petitioner, issued him a Notice to Appear, charged him as a noncitizen present without admission or parole, and released him. (ECF No. 5-1 at 2; ECF No. 7-2 at 1–2). Petitioner has no criminal history. (ECF No. 5-1 at 2).

3. Petitioner was detained by ICE on September 10, 2026. (ECF No. 1 at 5; ECF No. 5-1 at 2).

4. Petitioner filed this Petition on September 13, 2026. (ECF No. 1).

5. On September 19, 2026, ICE issued Petitioner a Notice of Custody Determination (Form I-286, the "Notice"), determining under 8 U.S.C. § 1226(a) that he could be released on a

$7,500 bond. (ECF No. 5-2 at 1). On September 21, 2026, after the Notice was read to him in Spanish, Petitioner signed it and indicated that he did not request review of that determination by an immigration judge. (*Id.* at 1–2). Petitioner also signed the Notice's accompanying election page, which advised him that ICE had determined he was subject to discretionary detention under § 1226(a). (*Id.* at 2). On the Notice's election page, Petitioner marked, "No, I do not want a bond hearing to review this custody determination." (*Id.*).

6. Respondent answered on September 24, 2026, contending that Petitioner is lawfully detained pursuant to 8 U.S.C. § 1226(a). (ECF No. 5 at 1).

7. Under 28 U.S.C. § 2241(c), habeas relief may be extended to a prisoner only when he "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A federal court has jurisdiction over such a petition if the petitioner is "in custody" and the custody is allegedly "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *Maleng v. Cook*, 490 U.S. 488, 490 (1989) (per curiam).

8. Because Petitioner proceeds *pro se*, this Court construes the Petition liberally. *Rainey v. Varner*, 603 F.3d 189, 198 (3d Cir. 2010). Even so, *pro se* litigants "still must allege sufficient facts" to support a claim. *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013). Read liberally, the Petition asserts that Petitioner's arrest was unlawful because agents did not present a warrant and targeted him because of his ethnicity and language, and that his detention violates due process because he has no criminal history and was living in the community when ICE detained him. (ECF No. 1 at 3, 7; ECF No. 1-1 at 1–2).

9. Petitioner was detained within this Court's jurisdiction and by a custodian within this Court's jurisdiction when he filed the Petition, and he asserts that his continued detention violates due process. This Court therefore has habeas jurisdiction over his claims. *Trump v.*

*J.G.G.*, 604 U.S. 670, 672 (2025) (per curiam) (noting jurisdiction for "core habeas petitions" lies in the district of confinement).

10. Petitioner asserts that agents did not present him with a judicial or administrative warrant when they arrested him. (ECF No. 1 at 7; ECF No. 1-1 at 1).

11. ICE issued a warrant for Petitioner's arrest on September 10, 2026, and that warrant was served on him in Spanish on the same day. (ECF No. 7-1 at 1). Based on the parties' submissions, it is unclear whether the arrest warrant was issued before Petitioner's arrest. That timing, however, does not affect this Court's analysis because after "the signing of the warrant for arrest, Petitioner's detention has been pursuant to the warrant, and he is currently in custody pursuant to § 1226(a)." *Rondon Roa v. Soto*, No. 26-cv-12633, slip op. ¶ 9 (D.N.J. Oct. 5, 2026), ECF No. 6 (quoting *Cocha Cocha v. Tsoukaris*, No. 26-cv-9857, 2026 WL 2806733, at *2 (D.N.J. Sept. 18, 2026)) (holding that petitioner was not entitled to release based on an alleged warrantless arrest where it was unclear whether the warrant predated the arrest); *see also Par v. Jamison*, No. 26-cv-3504, 2026 WL 1603299, at *3–4 (E.D. Pa. June 4, 2026) (denying petitioner's challenge to a warrantless arrest where petitioner was subsequently lawfully detained under 8 U.S.C. § 1231).

12. Petitioner also states his belief that agents targeted him because of his Latino appearance and because he speaks Spanish. (ECF No. 1-1 at 1). Even accepting that allegation, it does not warrant the remedy Petitioner seeks: release from detention. The manner of an arrest does not render a petitioner's present custody unlawful. *See INS v. Lopez-Mendoza*, 468 U.S. 1032, 1039 (1984) ("The 'body' or identity of a defendant or respondent in a criminal or civil proceeding is never itself suppressible as a fruit of an unlawful arrest, even if it is conceded that an unlawful arrest, search, or interrogation occurred."); *Suaza Pineda v. Soto*, No. 26-cv-11451, 2026 WL 2824601, at *2 (D.N.J. Sept. 21, 2026) (denying petitioner's request for release based

on an allegedly unlawful arrest). Petitioner remains free to raise any challenge to the circumstances of his arrest in his removal proceedings. *See Yoc-Us v. Att'y Gen U.S.*, 932 F.3d 98, 112 (3d Cir. 2019) (discussing petitioner's burden of proof when seeking to suppress evidence in removal proceedings).

13. This Court finds Petitioner is not entitled to release based on the circumstances of his arrest.

14. "Respondents unquestionably possess the authority to detain non-citizens during removal proceedings when Congress has authorized them to do so under § 1226(a)." *Zheng v. Rokosky*, 826 F. Supp. 3d 545, 554 (D.N.J. 2026); *see also Demore v. Kim*, 538 U.S. 510, 523 (2003) ("Deportation proceedings would be vain if those accused could not be held in custody pending the inquiry into their true character." (cleaned up)); *Velasco Lopez v. Decker*, 978 F.3d 842, 848 (2d Cir. 2020) ("Detention during removal proceedings is a constitutionally valid aspect of the deportation process.").

15. "[T]he creation of statutory rights associated with a given immigration status falls exclusively within the purview of Congress . . . ." *Osorio-Martinez v. Att'y Gen. U.S.*, 893 F.3d 153, 172 (3d Cir. 2018). Section 1226 and its implementing regulations require the Department of Homeland Security to "provide detainees with a 'prompt bond hearing.'" *Zheng*, 826 F. Supp. 3d at 554 (quoting *Borbot v. Warden Hudson Cnty. Corr. Facility*, 906 F.3d 274, 278 (3d Cir. 2018)). "Not only do the statute and federal regulations require a bond hearing, the Constitution does as well." *Id.*

16. ICE made its initial custody determination and concluded that Petitioner could be released on a $7,500 bond. (ECF No. 5-2 at 1). Although that determination issued after the Petition, Petitioner is now held pursuant to that bond determination. *See Cocha Cocha*, 2026 WL

2806733, at *2–3 (denying release when petitioner's arrest defect was cured and custody was lawful). Moreover, Petitioner declined to request a bond hearing before an immigration judge. (ECF No. 5-2 at 1–2).

17. Read liberally, the Petition also contends that ICE could not detain Petitioner, who has no criminal history, after releasing him in 2023. "The Third Circuit has not directly addressed whether a noncitizen who is subject to § 1226(a) and is released on recognizance has a right to notice or a hearing prior to re-detention." *Juan A.V. v. Pittman*, No. 25-cv-13472, 2026 WL 1893510, at *4 (D.N.J. June 30, 2026). Some courts in this Circuit have concluded that the opportunity to seek a prompt bond hearing before an immigration judge after re-detention satisfies due process. *See, e.g., id.* at *5; *Vakhtangadze v. Jamison*, No. 26-cv-6630, 2026 WL 2969613, at *5 (E.D. Pa. Oct. 2, 2026). That opportunity remains available to Petitioner, and ICE itself has already determined that he may be released on bond.

18. "Immigration detainees seeking to invoke this Court's habeas jurisdiction . . . must exhaust all administrative remedies before they may seek habeas relief in federal court." *Jelani B. v. Anderson*, No. 20-cv-6459, 2020 WL 5560161, at *2 (D.N.J. Sept. 17, 2020) (citing *Duvall v. Elwood*, 336 F.3d 228, 233–34 (3d Cir. 2003)).

19. Petitioner remains eligible to request a bond hearing before an immigration judge if he wishes to contest his current detention, including the amount of his bond. *See* 8 C.F.R. § 1236.1(d)(1).

20. Accordingly, the Petition will be dismissed without prejudice.

21. An appropriate order follows.

Hon. Susan D. Wigenton,
United States District Judge
Dated: October 19, 2026